UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-14199-BLOOM

SHAWN HAMLETT,

    Plaintiff,

v.

OFFICER DESIRE, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Shawn Hamlett's *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a state prisoner, has not paid the filing fee and has moved for leave to proceed *in forma pauperis* ("IFP"). ECF No. [3]. As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). For the following reasons, his Complaint is **DISMISSED** without prejudice as barred by the three-strikes rule and as "malicious" under § 1915(e)(2)(B)(i).

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). The statute, however, contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The purpose of this provision, known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions or appeals, a district court is authorized to dismiss the complaint without prejudice under the three-strikes rule if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff did not pay the filing fee when he filed this suit. Therefore, his Complaint must be dismissed without prejudice under the three-strikes rule. A search of the United States Court's Public Access to Court Electronic Records ("PACER") system reveals that Plaintiff is a prolific filer who has filed over a dozen lawsuits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim—including dismissals under the three-strikes rule. *See*, *e.g.*, *Hamlet v. Legal Aid Soc'y*, No. 1:23-CV-6737-LTS, ECF No. 5 (S.D.N.Y. Sept. 19, 2024) (dismissing Plaintiff's complaint under the three-strikes rule and noting that "[t]he United States District Court for the Eastern District of New York also determined that Plaintiff is barred under Section 1915(g)" (citing *Hamlett v. City of New York*, No. 23-CV-8187, 2023 WL 9119559, at *1 (E.D.N.Y. Dec. 18, 2023))); *Hamlett v. Joseph*, No. 3:16-CV-1038-MMH-J_T, ECF No. 4 (M.D. Fla. Sept. 30, 2016) (dismissing Plaintiff's complaint under the three-strikes rule).[1]

---

[1] Federal Rule of Evidence 201 authorizes the Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). The Court has confirmed that these cases were filed by the same Shawn Hamlett who filed this case. In each case, Plaintiff used his Florida Department of Corrections ("DC") number: C01227.

2

Plaintiff's allegations also do not meet the imminent danger exception to the three-strikes rule. To qualify under the imminent danger exception, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193).

In his Complaint, Plaintiff alleges that on March 29, 2025, he was brutally beaten and tortured by Defendants, correctional officers at the Martin Correctional Institution. ECF No. [1] at 7–18. While these allegations do suggest plausible claims for cruel and unusual punishment under the Eighth Amendment, they concern past events. The Complaint contains no allegations of imminent future harm.

Plaintiff does attempt to plead imminent danger in an attached letter to the Clerk of Court. ECF No. [1-3]. He states, "I'm still injured and in pain and the officers have threaten[ed] my life for reporting the assault." *Id*. at 2. Plaintiff did not include these allegations in his Complaint, however, and courts are "not permitted to read into the complaint facts that are not there." *Beck v. Interstate Brands Corp*., 953 F.2d 1275, 1276 (11th Cir. 1992); *see also Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) ("In determining whether a prisoner has proved 'imminent danger of serious physical injury,' this Court looks to the complaint . . . [and] considers whether the prisoner's complaint, as a whole, alleges imminent danger of serious physical injury" (quotation

3

omitted and alterations adopted)). Moreover, Plaintiff requests only damages for relief in his Complaint and has not asked the Court to enjoin any future actions by Defendants. ECF No. [1] at 19; *see, e.g.*, *Rife v. Emmons*, No. 4:23-CV-0004-WMR-WEJ, 2023 WL 11967774, at *2 (N.D. Ga. May 23, 2023) ("Damages claims, by their nature, seek to redress past harm and fail to satisfy the imminent danger standard"); *Moss v. Jones*, No. 5:07-CV-29(HL), 2007 WL 247726, at *2 (M.D. Ga. Jan. 25, 2007) ("It is noteworthy that plaintiff seeks only monetary damages, not injunctive or prospective relief one would expect if he remained in serious danger").

Even if the Court considers the allegation in Plaintiff's letter, it is not specific enough to satisfy the requirement of "specific allegations of present imminent danger that may result in serious physical harm." *Brown*, 387 F.3d at 1349; *see also Daker*, 999 F.3d at 1311 ("General assertions [ ] are insufficient to invoke the exception to § 1915(g)"). Plaintiff does not identify the officers who allegedly made this threat or provide any details about the alleged threat. *See Davis v. Moody*, No. 5:21-CV-228-TKW/MJF, 2021 WL 6494949, at *3 (N.D. Fla. Dec. 7, 2021) ("Davis's bare allegation that he was threatened with a knife twice in the past five weeks does not include specific allegations establishing a present imminent danger"); *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) ("[Plaintiff] merely has alleged that deprivation of his medication *may* result in suffering serious physical injury. He did not present any description of the condition giving rise to his prescription . . . and never alleged that he suffered any physical injury as a result of not receiving the medication." (emphasis in original)). Thus, Plaintiff's allegation does not satisfy the "imminent danger" exception to § 1915(g).

Lastly, even if the Complaint were not barred by the three-strikes rule, it is subject to dismissal as "malicious" based on Plaintiff's failure to disclose his previous lawsuits. Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint if it determines the action is "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B)(i)–(iii). "[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). The dismissal of a complaint for abuse of judicial process constitutes a dismissal as "malicious" under § 1915(e)(2)(B)(i). *See Daker*, 999 F.3d at 1308 ("[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA."). A dismissal without prejudice for failure to comply with court rules requiring the disclosure of prior lawsuits is not an abuse of discretion. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding the district court did not abuse its discretion where it "concluded that Jenkins had misrepresented his litigation history, and dismissed the case without prejudice due to his lack of candor"); *Sears*, 509 F. App'x at 936 (affirming the district court's dismissal without prejudice where the plaintiff "conceded he failed to comply with the court's procedural rules about disclosing cases he previously had filed.").

Here, the civil rights complaint form on which Plaintiff filed his Complaint stated: "Previous Lawsuits . . . [t]o the best of your knowledge, have you had a case dismissed based on this 'three strikes rule'?" ECF No. [1] at 22. Plaintiff checked "no" in response to this question. *Id*. The form also asked Plaintiff: "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" *Id*. at 23. It then stated that if there was more than one lawsuit, to describe additional lawsuits on another page. *Id*. at 24. Plaintiff disclosed only one lawsuit in response to this question: a state court action he filed in Charlotte County, Florida. *Id*. Plaintiff did not disclose any of his numerous federal civil rights lawsuits concerning the conditions of his imprisonment, nor did he disclose the fact that at least three prior lawsuits were

dismissed under the three-strikes rule. As mentioned, Plaintiff is an experienced litigant who has filed over a dozen § 1983 complaints in various district courts across the country, and he is no doubt familiar with the obligation to disclose his prior lawsuits, as one of his earlier complaints was dismissed on that ground. *See Hamlett v. Wester*, No. 3:16-CV-1039-BJD-PDB, ECF No. 2 (M.D. Fla. Aug. 19, 2016) ("Plaintiff needs to apprise this Court of the nature of the actions that were previously dismissed and the reasons for the dismissal of those actions, including appeals."). Plaintiff also certified under Federal Rule of Civil Procedure 11 that the factual representations in his Complaint were true. ECF No. [1] at 25.

Therefore, the Complaint is subject to dismissal without prejudice as a sanction for Plaintiff's knowing failure to comply with Court rules requiring him to disclose his prior lawsuits. *See, e.g., Berger v. Smith*, No. 3:24-CV-350-LC-HTC, 2024 WL 4031075, at *1 (N.D. Fla. Aug. 15, 2024) ("An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). Although Plaintiff shall not be granted leave to amend his Complaint, a dismissal without prejudice permits Plaintiff to re-file his Complaint in a new case. *See Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation of a court order, because the affected party may simply re-file"); *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 805 (11th Cir. 2016) ("[Plaintiff's] complaint was dismissed without prejudice, which means he is free to refile, and without a filing fee, assuming he adequately alleges imminent danger in the future"). Plaintiff will not be prejudiced by having to re-file his Complaint

in a new case because the events giving rise to his claims allegedly occurred on March 29, 2025. *Cf. Smith v. Valdivia*, No. 24-11700, 2024 WL 5117156, at *1–2 (11th Cir. Dec. 16, 2024) (holding that a district court must grant a plaintiff leave to amend if a dismissal without prejudice would preclude him from refiling his claims in a new case within the statute of limitations). Therefore, under Florida's four-year statute of limitations for § 1983 claims, Plaintiff has until March 29, 2029 to bring his claims. *See Ellison v. Lester*, 275 F. App'x 900, 901–02 (11th Cir. 2008) (holding that the four-year statute of limitations under Fla. Stat. § 95.11(3) governs § 1983 claims arising in Florida).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED without prejudice** under the three-strikes rule of § 1915(g) and as "malicious" under § 1915(e)(2)(B)(i).

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 16, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  Shawn Hamlett
     C01227
     Martin Correctional Institution
     Inmate Mail/Parcels
     1150 SW Allapattah Road
     Indiantown, FL 34956